**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DEBRA METZGER,<br><br>Plaintiff,<br><br>v.<br><br>BAREBOAT SAILING CHARTERS,<br>LLC and BRIAN BLANK,<br><br>Defendants. | **COMPLAINT**<br>**AND DEMAND FOR A JURY TRIAL** |

## COMPLAINT AND DEMAND FOR A JURY TRIAL

## INTRODUCTION

This is a maritime personal injury action brought at law under the Court's diversity jurisdiction seeking damages for severe injuries suffered by Plaintiff Debra Metzger while a passenger on board the sailing vessel *Summer Wind* on June 30, 2024. Defendant Bareboat Sailing Charters, LLC, owned and operated by Defendant Brian Blank, negligently entrusted the *Summer Wind* to Thomas Peets, an operator whom Defendants knew or should have known lacked the licensure, qualifications, training, and ability to operate the vessel safely, resulting in an allision with rocks that caused Ms. Metzger's injuries.

## PARTIES

1. Plaintiff Debra Metzger is a citizen of Oklahoma.

2. Defendant Bareboat Sailing Charters, LLC is a Rhode Island limited liability company with its principal office at 6 Maplewood Road, Old Saybrook, Connecticut 06475. On information and belief, its sole owner and member, Brian Blank, is a citizen of Connecticut.

1

3.  Defendant Brian Blank is a citizen of Connecticut, residing at 6 Maplewood Road, Old Saybrook, Connecticut 06475-2815. At all relevant times, Mr. Blank was the owner of Bareboat Sailing Charters, LLC and acted as its agent in chartering *Summer Wind*.

## JURISDICTION AND VENUE

4.  This Court has subject matter diversity jurisdiction under 28 U.S.C. § 1332 because the action is between a citizen of Oklahoma and citizens of Connecticut and the matter in controversy exceeds $75,000.00, exclusive of interests and costs.

5.  This Court has personal jurisdiction over Defendants under the Massachusetts Long-Arm Statute because they transacted business in the Commonwealth of Massachusetts by chartering vessels, including the *Summer Wind*, that Defendants knew would be, and were, regularly operated on sailing voyages in Massachusetts, including the subject voyage which was destined for Martha's Vineyard. Prior to the subject voyage, Defendant Bareboat Sailing Charters, LLC and Mr. Blank knew the vessel would sail to the Commonwealth of Massachusetts because Captain Peets would utilize the same or substantially the same route every voyage and had done so for over a dozen years. Defendants equipped the vessel with charts and maps of local Massachusetts waters and the Charter Agreement explicitly contemplated voyages in or around Vineyard Sound. Plaintiff's cause of action arises out of Defendants' transaction of business in Massachusetts because she was injured while a passenger aboard a vessel chartered by Defendants during an excursion that included passage through Massachusetts waters with stops in Massachusetts ports, including the subject passage from Block Island to Martha's Vineyard. Furthermore, Defendants caused tortious injury in the Commonwealth by negligently entrusting the vessel to an unqualified and unlicensed operator who injured Plaintiff in Massachusetts waters, and, on information and

2

belief, Defendant Brian Blank monitored the location of the vessel and knew the routes it traveled in Massachusetts waters.

6.    This Court has personal jurisdiction over Defendants under the Due Process Clause of both the Fifth and Fourteenth Amendments of the United States Constitution because they purposefully availed themselves of the privilege of conducting business in Massachusetts and Plaintiff's cause of action is sufficiently connected and related to Defendants' conduct in Massachusetts. Defendants chartered *Summer Wind* to Captain Peets for the purposes of completing the voyage on which Plaintiff was injured, and Defendants knew the vessel would be used in Massachusetts waters. Further, Defendants transacted business in the Commonwealth of Massachusetts by chartering vessels that they knew would be operated on regular sailing voyages in Massachusetts waters with destinations in Massachusetts, including the subject voyage that was destined for Martha's Vineyard. Defendants equipped the vessel with charts and maps of local Massachusetts waters and the Charter Agreement explicitly contemplated voyages in or around Vineyard Sound. Plaintiff's claims both arise from and relate to Defendants' contacts with Massachusetts because Plaintiff was injured in Massachusetts waters on a voyage in the Commonwealth on a vessel chartered by Defendants for purposes of conducting a voyage in Massachusetts waters to Martha's Vineyard. Given all of the above contacts it does not violate due process to subject Defendants to suit in Massachusetts.

7.    Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this District, including the allision and Plaintiff's injuries, which occurred in Massachusetts waters near Martha's Vineyard, and Plaintiff's emergency medical treatment in Massachusetts. Furthermore, there is already an action pending in this Court arising from the incident.

## **ALLEGATIONS**

8.   Defendant Bareboat Sailing Charters, LLC is in the business of chartering sailing vessels, and Defendant Brian Blank is its owner and operator.

9.   For approximately fifteen years, beginning in 2009, Defendants chartered sailing vessels to Captain Thomas Peets, who operated a venture called Cape Cod Deaf Sailing that took passengers on sailing excursions into Massachusetts waters.

10. On October 29, 2023, Defendant Brian Blank, signing as agent for Bareboat Sailing Charters, LLC, executed a written Charter Agreement chartering the 45-foot Beneteau sailing vessel *Summer Wind* to Thomas Peets for a 28-day charter running from June 28, 2024 to July 26, 2024, for $22,000.

11. The Charter Agreement provided that the charterer could take a qualification sail with the owner or his agent to determine the skill level of the designated captain and to help familiarize the captain with the equipment on the vessel. On information and belief, an actual or adequate qualification sail was never conducted. Had such a qualification sail been conducted, Defendants would have understood that Captain Peets was not competent or trained to operate a sailing vessel on voyages involving passengers because he was deaf, lacked appropriate licenses, could not use the onboard navigation equipment on the vessel and because he otherwise lacked the traits of good and competent seamanship.

12. Captain Peets did not hold a United States Coast Guard license. The United States Coast Guard had declined to issue Mr. Peets a license, in part because he would be unable to make radio communications and hear warning signals from other vessels.

13. On information and belief, despite chartering vessels to Mr. Peets for approximately fifteen years and knowing that he was transporting passengers , Defendants never asked Mr. Peets whether

he held a Coast Guard license or any other marine credential, never requested proof of any license, and never required him to take a qualification sail on the *Summer Wind* to assess his competence in sailing, navigation or safe use of the equipment onboard the Bareboat vessels.

14. Given their extensive history with Captain Peets, Defendants knew or should have known that he intended to operate the chartered vessels on regular voyages carrying passengers to and through Massachusetts waters.

15. In June of 2024, Thomas Peets organized a sailing voyage on the *Summer Wind*, which included transit between Block Island and Martha's Vineyard.

16. At all relevant times, Plaintiff Debra Metzger was a passenger on board *Summer Wind* on navigable waters of the United States.

17. The sailing trip was scheduled for a one-week excursion beginning in Newport, Rhode Island on June 28, 2024, with stops at Block Island, Martha's Vineyard, Nantucket, and Cuttyhunk, Massachusetts, ending in Newport, Rhode Island.

18. On or around June 30, 2024, the vessel departed from Block Island enroute to Martha's Vineyard into poor weather, including poor visibility conditions and high ocean swells. Captain Peets, before departing, had failed to plan for the forecasted poor weather.

19. During the voyage, after Plaintiff had gone below deck because of severe seasickness, the vessel struck a large object, believed to be a rock. As a result, Plaintiff was projected violently, striking her face upon a cabin door below deck and causing severe injuries.

20. The vessel struck a rock or obstruction because it was improperly navigated in poor weather on the wrong side of a buoy explicitly intended to warn mariners of large rocks or obstructions in the water. Further, Captain Peets improperly navigated using a Garmin smartphone

application rather than the vessel's chart plotter, which he found too confusing to use, something that Defendants knew or should have known.

21. Plaintiff suffered severe injuries as a result of the impact, including but not limited to:

    a. A right orbital fracture.

    b. An acute displaced fracture of the right medial orbital wall and right orbital floor, with herniation of the inferior rectus into the maxillary sinus.

    c. Proptosis of the eye.

    d. Hemorrhage into the right maxillary and ethmoid sinuses.

    e. Physical pain and suffering.

    f. Disfigurement.

    g. Impairment of vision.

    h. Emotional pain and suffering.

    i. Associated sequelae of the above-listed injuries.

    j. Other injuries to be established over the course of discovery.

## COUNT ONE: NEGLIGENCE

22. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

23. At all relevant times, Defendants, as owner and charterer of the vessel, owed Plaintiff, a passenger on board the vessel, duties to exercise reasonable care in chartering, entrusting, and making the vessel available for use, including the duty to charter and entrust the vessel only to a competent, qualified, and properly licensed and trained operator, and to provide a seaworthy vessel free of dangerous conditions, so as to prevent injury to passengers, including Plaintiff.

24. At all relevant times, Defendants breached the aforementioned duties of care in that they:

6

a. Chartered and entrusted the vessel to an operator they knew or should have known was unlicensed and unqualified to operate the vessel safely;

b. Failed to verify whether the designated captain held a United States Coast Guard license or any other required marine credential;

c. Failed to request or obtain proof of the designated captain's qualifications or licensure;

d. Failed to take a qualification sail or otherwise assess the designated captain's skill level;

e. Failed to provide a seaworthy vessel that was free of dangerous conditions and doors that could cause blunt trauma in the event of an allision or collision;

f. Failed to provide a vessel with cabin doors that could remain closed;

g. Failed to equip the vessel with functioning navigation equipment;

h. Failed to ensure that appropriate equipment, safety policies, and procedures were in place on the vessel;

i. Failed to take other reasonable and appropriate measures to be established in the course of discovery and at trial.

25. As a result of the aforementioned negligent acts and omissions, Plaintiff suffered injuries, as previously described, and is entitled to all available damages under applicable law, including but not limited to damages for:

a. Physical injuries;

b. Disfigurement;

c. Past and future emotional distress;

d. Past and future pain and suffering;

    e.   Past and future medical expenses;

    f.   Economic losses;

    g.   Loss of enjoyment of life;

    h.   Punitive damages;

    i.   All other damages available under applicable law.

26. To the extent the above-described damages are not available under general maritime law, Plaintiff seeks such damages under applicable state law.

WHEREFORE, Plaintiff demands judgment against Defendants Bareboat Sailing Charters, LLC and Brian Blank in an amount that fully and fairly compensates her for her injuries under maritime law and/or applicable state law, plus interest and costs.

## COUNT TWO: GROSS NEGLIGENCE AND RECKLESSNESS

27. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

28. At all relevant times, Defendants acted with gross negligence and engaged in reckless, wanton, and willful conduct by chartering and entrusting the vessel to an operator they knew or should have known was deaf, unlicensed, and unqualified to carry passengers, without ever verifying his credentials over a period of approximately fifteen years.

29. At all relevant times, Defendants acted with gross negligence and engaged in reckless, wanton, and willful conduct by failing to take any qualification sail or otherwise assess the designated captain's competence.

30. At all relevant times, Defendants acted with gross negligence and engaged in reckless, wanton, and willful conduct by making the vessel available for the carriage of passengers in Massachusetts waters with knowledge of the routes and conditions involved, despite the operator's lack of licensure and qualifications.

31. At all relevant times, Defendants acted with gross negligence and engaged in reckless, wanton, and willful conduct by failing to ensure that the vessel was equipped, maintained, and operated so as not to subject passengers to an unreasonable risk of severe injury.

32. At all relevant times, Defendants acted with gross negligence and engaged in reckless, wanton, and willful conduct by failing to execute other acts to be established during discovery and at trial.

33. As a result of the aforementioned grossly negligent, reckless, wanton, and willful acts and omissions, which were done with the motive of profit, Plaintiff suffered severe injuries as previously described and is entitled to all available damages under applicable law, including but not limited to:

   a.  Physical injuries;

   b.  Disfigurement;

   c.  Past and future emotional distress;

   d.  Past and future pain and suffering;

   e.  Past and future medical expenses;

   f.  Economic losses;

   g.  Loss of enjoyment of life;

   h.  Punitive damages;

   i.  All other damages available under applicable law.

34. To the extent the above-described damages are not available under general maritime law, Plaintiff seeks such damages under applicable state law.

WHEREFORE, Plaintiff demands judgment against Defendants Bareboat Sailing Charters, LLC and Brian Blank in an amount that fully and fairly compensates her for her injuries under

maritime law and/or applicable state law, plus interest and costs, and for punitive damages in an amount that fully and fairly punishes Defendants and deters future misconduct under maritime law, plus interest and costs.

## COUNT THREE: NEGLIGENT ENTRUSTMENT

35. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

36. At all relevant times, Defendants owned and controlled the sailing vessel *Summer Wind* and had the right to determine to whom the vessel would be entrusted.

37. Defendants entrusted *Summer Wind* to Thomas Peets to operate as captain.

38. At the time of entrustment, Defendants knew or reasonably should have known that Thomas Peets was incompetent, unfit, or unqualified to operate the vessel safely, in that he was deaf and therefore had functional limitations affecting his ability to safely navigate a vessel, including but not limited to using the radio and hearing bell buoys and other warning signals. In addition, Captain Peets did not hold a United States Coast Guard license, and in fact had been denied a Coast Guard license, and nevertheless was chartered a vessel by Defendants for the purpose of carrying passengers.

39. Defendants knew or should have known of Mr. Peets's lack of hearing and lack of qualifications because, among other things, they chartered vessels to him for approximately fifteen years, never asked for or verified any license or credential, and never conducted a qualification sail to assess his skill, notwithstanding the express provision in the Charter Agreement permitting such a sail.

40. Defendants nevertheless entrusted the vessel to Captain Peets and certified that he was experienced and competent without any reasonable basis for doing so.

10

41. It was reasonably foreseeable that entrusting the vessel to an incompetent, unfit, and unlicensed operator would result in harm to passengers such as Plaintiff.

42. Defendants' negligent entrustment of the vessel to Thomas Peets was a direct and proximate cause of the allision and of the severe injuries suffered by Plaintiff.

43. As a result of Defendants' negligent entrustment, Plaintiff suffered severe injuries as previously described and is entitled to all available damages under applicable law, including but not limited to:

    a.  Physical injuries;

    b.  Disfigurement;

    c.  Past and future emotional distress;

    d.  Past and future pain and suffering;

    e.  Past and future medical expenses;

    f.  Economic losses;

    g.  Loss of enjoyment of life;

    h.  Punitive damages;

    i.  All other damages available under applicable law.

44. To the extent the above-described damages are not available under general maritime law, Plaintiff seeks such damages under applicable state law.

WHEREFORE, Plaintiff demands judgment against Defendants Bareboat Sailing Charters, LLC and Brian Blank in an amount that fully and fairly compensates her for her injuries under maritime law and/or applicable state law, plus interest and costs, and for punitive damages in an amount that fully and fairly punishes Defendants and deters future misconduct under maritime law, plus interest and costs.

## NOTICE OF RELATED CASE

The allision that gives rise to this Complaint is also the subject of *Metzger v. Peets*, 1:25-cv-11720-JEK.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury.

Respectfully submitted,

/s/ Anthony Tarricone
Anthony Tarricone
Joseph P. Musacchio
KREINDLER &
KREINDLER LLP
855 Boylston St. Suite 1101
Boston, MA 02116
617-424-9100

*Attorneys for Plaintiff*

12